**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cloud Systems HoldCo IP LLC,<br>Plaintiff,<br>v.<br>Rain Bird Corporation,<br>Defendant. | No. CV-26-00089-TUC-JCH<br>**ORDER** |

Before the Court is attorney William P. Ramey, III's Application for Admission to Practice Pro Hac Vice (the "Application"). The Application states Mr. Ramey wishes to represent Cloud Systems HoldCo IP, LLC in the above-captioned case. Also before the Court is the matter of sanctions against Mr. Ramey for his unauthorized practice of law in this District. For the following reasons, the Court will deny Mr. Ramey's Application and personally sanction Mr. Ramey.

**I. The Application**

Mr. Ramey did not e-file the Application, nor did he pay the Application fee as required by Local Rule of Civil Procedure ("LRCiv. 83.1") (b)(2). The Application indicates that within one year of the instant application, Mr. Ramey filed a previous pro hac vice application with this Court in *WirelessWerx IP, LLC v. GPS Insight, Inc.*, 2:25-CV-3749-MTM, which was denied by Judge Susan R. Bolton on November 27, 2025. Judge Bolton denied the prior application in part because Mr. Ramey omitted certain material information, but also because of Mr. Ramey's prior sanctions in *Koji IP, LLC v.*

*Renesas Elecs. Am., Inc.*, No. 24-CV-03089-PHK, 2025 WL 917110 (N.D. Cal. Mar. 26, 2025). Judge Bolton found persuasive the *Koji* court's 44-page order listing "dozens of instances in both the Northern and Central District of California where Mr. Ramey intentionally failed to apply for *pro hac vice* admission yet worked on and appeared on the pleadings in those cases" and various other sanctions orders cited by the *Koji* court "against Mr. Ramey or his law firm for improper conduct in other district courts across the country." Judge Bolton concluded Mr. Ramey "failed to show that he is entitled to the privilege of *pro hac vice* admission in this Court."

In the instant Application, Mr. Ramey disclosed he is currently the subject of a disciplinary investigation or proceeding by court case 3:24-cv-03089, *Koji IP, LLC v. Renesas Electronics America, Inc.* in the Northern District of California, the same case Judge Bolton found persuasive. The instant Application does not otherwise assert that any circumstances have changed from Mr. Ramey's 2025 application to warrant his present admission. Further, as explained below, the Court finds Mr. Ramey's actions in the above captioned case and delay in seeking pro hac vice admission troubling. Mr. Ramey has not shown he is entitled to the privilege of admission in this Court, and the Court will deny his Application.

## II. Sanctions

Additional developments before the Court in the above-captioned case have revealed a troublesome pattern by Mr. Ramey that warrants the Court issue sanctions sua sponte.

In *Cloud Systems*, Defendant's counsel brought to the Court's attention that Mr. Ramey was serving as lead counsel for the Plaintiff, without properly seeking admission, by having local counsel Andrew M Ling sign all pleadings and appear in the matter. (Doc. 26) On July 30, 2026, the Court held a show cause hearing, directing Cloud Systems' counsel to show cause why the Court should not issue sanctions against Mr. Ling and Mr. Ramey. (Doc. 32.) Mr. Ramey appeared at the hearing and informed the Court of the instant Application but stated he did not file the Application until after the Court set the show

cause hearing because "the clerk at the admissions office had said that we likely would be denied until the sanctions proceedings were resolved." (Doc. 37 at 7.) Mr. Ramey also stated his belief that his actions in this District differed from those in the Northern District of California: there, he appeared in the action with "*pro hac vice* anticipated" demarcated on his filings but never filed for admission; here, he did not sign his name on the filings and did not plan to file for admission until the Court set its show cause hearing. (*Id.* at 7–8.) Mr. Ramey also stated he had complied with all sanctions from the *Koji* case. (*Id.* at 7.) The Court took the matter of sanctions under advisement. (Doc. 35.)

On August 12, 2026, the Court directed Mr. Ling file a declaration, in part indicating who served as patent counsel on the seven patent cases Mr. Ling filed in this District since January 1, 2024. (Doc. 38.) Mr. Ling clarified that Mr. Ramey served as patent counsel in each case. (Doc. 40.) Mr. Ramey did not apply for pro hac vice admission in five of those cases, was denied admission by Judge Bolton in one case as described above, and the final case pertains to the instant Application. (*Id.*) All of these cases, besides the *Cloud Systems* matter, have been dismissed. (*See generally id.*)

Rather than seeking pro hac vice admission or accepting that he cannot practice in the District because of his prior sanctions and due to a pattern of unauthorized practice of law as described in *Koji*, Mr. Ramey attempts to practice behind the scenes under the guise of Mr. Ling's signature.

Mr. Ramey informed the *Koji* court that he planned to carry on practicing in districts where he was not admitted by having local counsel sign all pleadings: "In essence, Mr. Ramey's plan to avoid the same issues detailed in this Order going forward is to work on California cases by ghostwriting pleadings, briefs, and infringement contentions, as well as lead settlement negotiations, all in the background without informing the judge (or their opponents) of the substantial work they are doing on those cases." *Id.* at *18. The *Koji* court expressly instructed Mr. Ramey not to do this:

> The flaw in this plan is that Mr. Ramey leads all litigation at his firm, from strategy, to client communications, to settlement negotiations. Further, under the proposed plan, other out-of-state lawyers from the Ramey firm's Texas

> office would continue to perform the actual, detailed, and significant legal work to analyze and interpret patent claims, develop infringement theories, work with expert consultants, and prepare infringement claims charts[.]

*Id.* The Court explained, "[w]hile 'reliance on forwarding co-counsel may in certain circumstances satisfy an attorney's duty of reasonable inquiry,' the Ninth Circuit has made clear that '[i]n relying on another lawyer, . . . counsel must acquire[ ] knowledge of facts sufficient to enable him to certify that the paper is well-grounded in fact.' An attorney who signs the pleading cannot simply delegate to forwarding co-counsel his duty of reasonable inquiry." *Id.* at *20 (quoting *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 558 (9th Cir. 1986)). The court also explained that "this proposed remedial plan by Mr. Ramey and his firm would not appear to obviate the unauthorized practice of law by Mr. Ramey . . . in future cases in California federal courts" because the district court's civil local rules "prohibit *pro hac vice* admission for lawyers who 'regularly engage in the practice of law in the State of California'" and "[g]iven how many California cases Mr. Ramey . . . worked on in recent years, it is likely that [he] already maxed out [his] *pro hac vice* admissions." *Id*. at *19. The court then ordered specific sanctions to deter this future conduct, separate from the $45,264 in monetary sanctions for the unauthorized practice of law:

> "As discussed in detail herein, Mr. Ramey informed the Court of his intention to undertake future work in this Court and in other California district courts by simply removing his . . . name[] from the pleadings. As discussed, this course of action raises concerns, particularly as to how it would be ethically, professionally, and competently administered. The record indicates that the Ramey firm has followed that practice in at least one other district court, and has been subject to sanctions along with its local counsel for their conduct using this plan. The Court therefore finds that monetary sanctions alone are not sufficient to deter the conduct at issue and finds that additional monetary sanctions would not be proportionate and would not serve the goal of deterrence under Rule 11. Accordingly, the Court further ORDERS Mr. Ramey . . . [attend] two hours of in-person, California bar-approved CLE on Law Practice Management[.]

*Id*. at *23.

The Court agrees with the *Koji* court that Mr. Ramey's current practice of concealing his participation in litigation in districts in which he is not admitted to practice

law presents serious ethical and Rule 11 issues. Attorneys practicing in the District of Arizona must either be members of the Court's bar, or admitted to practice in a particular case pending in the Court pro hac vice. LRCiv. 83.1(b). Out of state attorneys may play a limited role in cases in this District without "practicing" law. That said, the Ninth Circuit has made clear that for an unlicensed attorney to merely assist on a case, rather than practicing law, the attorney's involvement must truly be *minimal*: advising local counsel, having little to no contact with the client and/or opposing counsel, and never signing pleadings or appearing in court. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009).

Here, Mr. Ramey does not merely advise Mr. Ling. At least in this action Mr. Ling believes him to be "lead" counsel and Mr. Ramey has direct communication with both the client (having referred Cloud Systems to Mr. Ling for local counsel) and opposing counsel. (*See* Doc. 26-1, Doc. 40 at 4–5, Doc. 40-4.) Additionally, Mr. Ramey appeared in Court at the show cause hearing, where he stated he did not file for pro hac vice admission, not because he was not practicing in this district, but because he knew it would be denied and decided "to go the *Winterrowd* route." (Doc. 37 at 6.)

It is unclear to the Court how Mr. Ramey adjusted his involvement in this district to follow the "*Winterrowd* route" nor why Mr. Ramey would believe *Winterrowd* somehow supports that he did not engage in the unauthorized practice of law. *Winterrowd* makes clear that an attorney may not litigate or otherwise assist on a matter "if there is evidence he did not meet the legal qualifications to be admitted *pro hac vice* to the bar of the relevant court had he applied; [i.e.,] disbarred, suspended or otherwise unqualified attorneys." *Winterrowd*, 556 F.3d at 825 (holding that attorney fees were not recoverable for an attorney who would not be granted pro hac vice admission if he had applied). Mr. Ramey is not eligible for pro hac vice admission in this District because Judge Bolton previously denied his admission, he was sanctioned in *Koji*, he has practiced in seven cases in this District without properly receiving admission, and his actions in this case are egregious. Ghostwriting pleadings does not cure his unauthorized practice of law.

The Court finds that Mr. Ramey's choice to continue practicing behind the scenes

in this District requires sanctions to both penalize Mr. Ramey's unauthorized practice of law in the seven patent cases discussed above, and to deter Mr. Ramey's future misconduct. Under LRCiv. 83.1(f), a court may, on its own initiative and after notice and a reasonable opportunity to be heard, impose sanctions such as fines, costs, fees, or other ethical penalties against an attorney who fails to follow the federal or local rules. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) ("[C]ivil sanctions may be imposed so long as the court provides adequate notice and an opportunity to be heard."). Further, "[i]f, in a civil case, the Court finds that an attorney, party, supervising attorney or law firm has committed repeated serious violations without just cause, such finding may result in the imposition of more serious sanctions, including but not limited to, increased fines, fines plus attorneys' fees and costs, contempt, or the entry of judgment against the offending party on the entire case." LRCiv. 83.1(f). Separate and apart from LRCiv. 83.1, "[a]ny court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct." *Standing Comm. on Discipline of U.S. Dist. Ct. for S. Dist. of California v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984) (citations omitted); ABA Standards for Imposing Lawyer Sanctions Part B.10 (court has the power to sanction attorneys, commensurate with the severity of their misconduct, with disbarment, suspension, reprimand/censure ("public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice"), admonition ("private reprimand"), and probation."); *see also In re Girardi*, 611 F.3d 1027, 1035 (9th Cir. 2010). "In assessing the appropriateness of a particular disciplinary sanction, this court may consider, although it is not bound by, the ABA's [following] standards . . . (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." *In re Girardi*, 611 F.3d 1027, 1035–36 (9th Cir. 2010).

The Court's July 14, 2026 Order gave Mr. Ramey notice that it was considering imposing sanctions for the unauthorized practice of law under LRCiv 83.1(b), *Koji*, and the Court's inherent power. (Doc. 32.) Mr. Ramey had an opportunity to be heard at the July 30, 2026 show cause hearing. (Doc. 35, 37.) Mr. Ramey gave no reasonable

explanation for his actions. (Doc. 37.) Mr. Ramey explained that after Judge Bolton denied his first pro hac vice application in this District, the admissions clerk informed him that any future applications would also likely be denied. (*Id.* at 5–7.) Rather than limiting his involvement in cases in this District or ceasing involvement altogether, Mr. Ramey continued practicing law in this District. His prior statements at the hearing in *Koji* reflect a clear plan to deceive district courts in flagrant disregard of their pro hac vice requirements. The Court finds that Mr. Ramey's pattern of practicing behind the scenes in this District has resulted in seven patent suits of questionable merit, wherein Mr. Ling has submitted filings and made representations to this Court without the necessary patent expertise to do so and in violation of his Rule 11 obligations. Considering the *Koji* court expressly instructed Mr. Ramey not to proceed with his plan to practice behind the scenes and issued sanctions specifically aimed at deterring this future conduct, the Court also finds Mr. Ramey's violations sufficiently egregious and deserving of more severe penalties.

## III. Summary

Not only has Mr. Ramey failed to show he is entitled to the privilege of pro hac vice admission in this Court, but the Court also finds sanctions are necessary to prevent Mr. Ramey's practice of litigating in this District from behind the scenes. To avoid any future confusion on Mr. Ramey's part or that of potential local counsel, let this Court be clear: Mr. Ramey is not permitted to practice law in this District. Not applying for pro hac vice admission does not obviate this ruling. No party shall file suit in this District with Mr. Ramey operating as counsel unless and until he is properly admitted to practice here.

## IV. Order

Accordingly,

**IT IS ORDERED denying** Attorney William P. Ramey III Application for Admission to Practice Pro Hac Vice and **directing** the Clerk of the Court provide a copy of this Order to Mr. Ramey.

**IT IS FURTHER ORDERED directing** the Clerk of the Court provide a copy of this Order to Plaintiff's Counsel of Record, Andrew M. Ling.

**IT IS FURTHER ORDERED sanctioning** Attorney William P. Ramey III, as follows:

(1) By no later than **November 6, 2026**, Mr. Ramey shall self-report the sanctions imposed on him herein and provide a copy of this Order to the relevant disciplinary committees or offices of the State Bar of Texas, the Bars of the United States District Courts for the Northern, Eastern, and Southern Districts of Texas and Western District of Wisconsin, the Bar of the United States Court of Appeals for the Federal Circuit, and any other state or federal bars of which he is a member. Within **ten (10) business days** of completing the self-reporting requirements, Mr. Ramey **SHALL** file with this Court a certification under oath certifying he has self-reported as required.

(2) As discussed, Mr. Ramey has worked on and prepared the substantive patent material for pleadings without properly receiving pro hac vice admission in at least seven cases in this District since January 1, 2024. The fee for pro hac vice admission is currently $225. By working on each of these cases without applying for pro hac vice admission, Mr. Ramey appropriated for himself the privilege of practicing in the District of Arizona as if he had been admitted, without a judge in each case determining from the relevant facts whether he was eligible to so practice. Mr. Ramey has repeatedly engaged in the unauthorized practice of law in this Court (including in this case) and in various other cases across the country. The Court further finds that Mr. Ramey intentionally deceived the Court, intentionally practicing in this District without seeking proper admission to avoid a direct order forbidding him from so practicing. The undersigned therefore **PERSONALLY SANCTIONS Attorney William P. Ramey III** sextuple the amount of unpaid pro hac vice fees otherwise due, for a total of **$9,450,** for his intentional conduct herein and to deter him (and others) from such conduct in the future. Mr. Ramey **SHALL** pay this amount directly and personally (and this amount shall not be paid by his law firm or by his client) by

no later than **November 6, 2026**, to the Clerk of the United States District Court for the District of Arizona. Mr. Ramey **SHALL** attach a copy of this Order to his payment.

(3) The Court may impose further sanctions against Mr. Ramey in this matter following the outcome of the pending motion to dismiss.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2026.

John C. Hinderaker
United States District Judge

CC: William P. Ramey, III at wramey@rameyfirm.com; Andrew M Ling PC at andyling59@icloud.com